UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                     :

WELLS FARGO BANK,         :       CASE NO. 1:08-cv-865

                    :

        Plaintiff,       :

                    :      OPINION & ORDER

vs.                  :

                    :

RUTH HARRIS, ET AL.      :

                    :

        Defendants.    :

                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 19, 2008, Plaintiff Wells Fargo Bank ("Wells Fargo") commenced a foreclosure action against Defendants Ruth and Keith Harris in the Lorain County Court of Common Pleas. [Doc. 1-3.] The Plaintiff alleges that the Defendants have defaulted on the note and mortgage that they executed on property located at 163 Dorset Court, Elyria, Ohio 44035 and seeks foreclosure on the property under Ohio law. [Doc. 1-3.] The complaint presents no federal claims.

On April 3, 2008, the Defendants removed the action to this federal district court. [Doc. 1-2.] With their notice of removal, the Defendants alleged subject matter jurisdiction based upon diversity jurisdiction. *Id.* Plaintiff Wells Fargo Bank is incorporated in Delaware and has its principal place of business in California, Defendants Ruth and Keith Harris are residents of Ohio, and the complaint alleges damages that satisfy the amount in controversy requirement. [Docs. 1-1, 1-2.]

For the reasons discussed below, the Court **REMANDS** the case to state court.

### I. Legal Standard

Case No. 1:08-cv-865
Gwin, J.

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A court's subject matter jurisdiction may be based on diversity or federal question jurisdiction.  Diversity jurisdiction arises when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court of competent jurisdiction determines a case lacks diversity or federal question jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. §1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. §1447(d). Remand may be initiated sua sponte or upon motion of a party.  *See* *City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.,* 484 F.3d 380, 388 n.4 (6th Cir. 2007); *Thompson v. Karr,* 182 F.3d 918, at *3 (table) (6th Cir. 1999); *Johnston v. Panther II Transp.,* 2007 WL 2625262, at *1 (N.D. Ohio 2007). Because federal courts are courts of limited jurisdiction, the removing party has the burden of establishing federal jurisdiction. *See* *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921).

Removal jurisdiction raises significant federalism concerns. *See* *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1 (1983).  Federal courts therefore must strictly construe removal jurisdiction.  *Shamrock Oil & Gas Corp v. Sheets,* 313 U.S. 100 (1941). Accordingly, if a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.,* 758 F. Supp. 1098, 1102 (D.S.C. 1990).

Case No. 1:08-cv-865
Gwin, J.

## II. Discussion

Defendants Ruth and Keith Harris removed this instant litigation to federal court on diversity grounds despite being citizens of the state of Ohio, the state in which Plaintiff Wells Fargo filed its state court complaint. This violated 28 U.S.C. § 1441(b) which states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Id.*

The U.S. Supreme Court has held that if a case is removed to federal district court, tried on its merits without objection by the plaintiff, and judgment is entered in the case, then federal appellate courts should generally not focus on whether removal was proper but whether the district court would have had original jurisdiction if the case had been initially filed in that court. *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699 (1972). The Sixth Circuit, however, has sua sponte raised the issue of whether removal on diversity grounds by an in-state defendant was proper and considered the question as a jurisdictional issue. *Thompson v. Karr,* 182 F.3d 918, at *3 (table) (6th Cir. 1999). In *Karr,* the court ultimately concluded that it should extend the *Grubbs* analysis and declined to dismiss an appeal for lack of jurisdiction because the district court had already ruled on summary judgment and invested substantial time and resources in the litigation, even though the case had been improperly removed by an in-state defendant. *Id.* The Sixth Circuit noted that its decision was influenced by "the extensive discovery already completed in this case, as well as the time invested in the district court's opinion and our own preparation" and in "the interests of judicial

-3-

Case No. 1:08-cv-865
Gwin, J.

economy." *Id.* at *4.

In other cases involving less significant expenditures of judicial resources, however, the Sixth Circuit has declined to extend *Grubbs* and has sua sponte remanded cases for improper removal. For example, the Sixth Circuit has refused to apply *Grubbs* in a case where the district court ruled on summary judgment and conducted a hearing but did not expend many other judicial resources. *See Federal Nat'l Mortg. Assoc. v. Le Crone,* 868 F.2d 190, 194 (6th Cir. 1989). Numerous district courts in the Sixth Circuit have followed this precedent and remanded cases back to state court on jurisdictional grounds upon finding that an in-state defendant improperly removed the case based on diversity jurisdiction. *See, e.g., RFF Family Partnership, LP v. Wasserman,* 2008 WL 648261, at *3 (N.D. Ohio 2008); *JP Morgan Chase Bank, N.A. v. Pistole,* 2008 WL 94761, at *1-2 (E.D. Mich. 2008); *Johnston,* 2007 WL 2625262 at *1.

In this case, the Court has not expended significant judicial resources as it has not yet conducted a case management conference or ruled on any substantive motions. Although neither party has filed a motion for remand, the Court must continuously question and raise the issue of subject matter jurisdiction throughout the litigation. *See City of Cookeville,* 484 F.3d at 388 n.4; *Karr,* 182 F.3d  at *3; *Dellinger v. Atlas Tech., Inc.,* 9 F.3d 107, at *1 (table) (6th Cir. 1993); *Johnston,* 2007 WL 2625262 at *1. Removal jurisdiction raises significant federalism concerns and this Court strictly construes its ability to hear cases under removal jurisdiction. Thus, this Court finds it appropriate to remand the instant case to state court.

### III. Conclusion

For the reasons stated above, the Court **REMANDS** the case to state court.

-4-

Case No. 1:08-cv-865
Gwin, J.

Dated: July 3, 2008                         s/       *James S. Gwin*
_____     JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE